%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BRIAN MASTERS | NCO FINANCIAL SYSTEMS, INC. |

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)

(See instructions):

JUDGE _____

DOCKET NUMBER _____

Explanation:

DATE
04/30/12

SIGNATURE OF ATTORNEY OF RECORD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| BRIAN MASTERS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NCO FINANCIAL SYSTEMS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )


| | | |
|---|---|---|
| 04\|30\|12 | Craig Thor Kimmel | Plaintiff, Brian Masters |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3111 Parkerin., Apt. 247, Austin TX 78741

Address of Defendant: 407 Prudential Rd., Horsham PA 19044

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases 15 U.S.C. § 1692
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 04/30/12  Attorney-at-Law  57100 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/30/12  Attorney-at-Law  57100 Attorney I.D.#

CIV. 609 (6/08)

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

2

3

4  BRIAN MASTERS,                              )
                                                )
5            Plaintiff                          )
                                                )
6       v.                                      )  **Case No.:**
                                                )
7  NCO FINANCIAL SYSTEMS, INC.,                 )  **COMPLAINT AND DEMAND FOR**
                                                )  **JURY TRIAL**
8            Defendant                          )
                                                )  **(Unlawful Debt Collection Practices)**
9  _____  )

10

**COMPLAINT**

11

12  BRIAN   MASTERS   ("Plaintiff"),   by   and   through   his   attorneys,   KIMMEL   &

SILVERMAN,   P.C.,   alleges   the   following   against   NCO   FINANCIAL   SYSTEMS,   INC.

13

("Defendant"):

14

15

**INTRODUCTION**

16

17      1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

18  U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive,

19  deceptive, and unfair practices.

20

21

**JURISDICTION AND VENUE**

22      2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

23  that such actions may be brought and heard before "any appropriate United States district court

24  without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original

25  jurisdiction of all civil actions arising under the laws of the United States.

1

1

2

3       3.      Defendant conducts business and has an office in the Commonwealth of

4    Pennsylvania, and therefore, personal jurisdiction is established.

5       4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

6

7

8                                      **PARTIES**

9       5.      Plaintiff is a natural person residing in Austin, Texas 78741.

10      6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11      7.      Defendant is a national debt collection company with its corporate headquarters

12   located at 507 Prudential Road in Horsham, Pennsylvania 19044.

13      8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6),

14   and repeatedly contacted Plaintiff in an attempt to collect a debt.

15      9.      Defendant acted through its agents, employees, officers, members, directors,

16   heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17

18

19                               **FACTUAL ALLEGATIONS**

20      11.     At all relevant times, Defendant was attempting to collect an alleged consumer

21   debt and repeatedly contacted Plaintiff when attempting to collect the alleged debt.

22      12.     Upon information and belief, the alleged debt at issue, a Capital One credit card,

23   arose out of transactions, which were primarily for personal, family, or household purposes.

24      13.     Beginning in or around June 2011, and continuing through March 2012,

25   Defendant repeatedly and continuously contacted Plaintiff on his home telephone in its attempt

     to collect a consumer debt.

        14.     During the relevant period, Defendant contacted Plaintiff, on average, two (2) to

2

five (5) times a day.

15.     As a result, Plaintiff received more than ten (10) collection calls a week during the relevant period.

16.     Plaintiff received numerous collection calls from the following telephone number: (888) 289-4757, which the undersigned has confirmed is a telephone number belonging to Defendant.

17.     In addition to calling Plaintiff, Defendant would also leave voice mail messages on Plaintiff's home answering machine every day telling Plaintiff to contact Defendant.

18.     At first, Plaintiff answered Defendant's telephone calls and instructed Defendant to stop contacting him; however, Defendant ignored Plaintiff's instructions and continued to contact him.

19.     Then, Plaintiff tried answering Defendant's telephone calls and hanging up; however, Defendant would immediately call him back, having the intent to harass Plaintiff.

20.     Most recently, Defendant contacted Plaintiff on March 28, 2012, at 10:30 a.m.

21.     Additionally, Plaintiff spoke with one of Defendant's collectors.

22.     During that conversation, Defendant's collector deceptively told Plaintiff that not paying the debt will cause him to lose his job.

23.     Further, Defendant's collector threatened Plaintiff that Defendant would file suit against him if he did not pay the alleged debt.

24.     At the time Defendant's collector made this statement to Plaintiff, Defendant did not intend to take legal action against Plaintiff.  Moreover, upon information and belief, Defendant did not have authorization from the creditor to take legal action against Plaintiff.

25.     Finally, Defendant was seeking to collect approximately $2,300.00 from Plaintiff.

26.     Upon information and belief, the amount Defendant was seeking to collect included amounts, interest, fees, etc., which were not authorized by the agreement creating the debt, as the credit limit on the account was only $1,200.00.

27.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

a.   A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b.   A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c.   Here, Defendant violated §§1692d and 1692d(5) of the FDCPA, when it contacted Plaintiff on his home telephone, on average, two (2) to five (5) times a day between January 2012 through March 2012, with the intent to annoy, abuse and harass Plaintiff.

d.   Further, Defendant violated §1692d by continuing to contact Plaintiff on his home telephone after having been instructed by Plaintiff to stop calling Plaintiff. When contacting Plaintiff, Defendant had the intent to annoy, abuse

4

PLAINTIFF'S COMPLAINT

and harass him.

e. Lastly, Defendant violated §1692d by immediately calling Plaintiff back after Plaintiff answered the phone and hung up, knowing that it would annoy, abuse and harass Plaintiff to do so.

## COUNT II

a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

c. A debt collector violates §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect any debt.

d. Here, Defendant violated §§1692e and 1692e(5) by threatening to take legal action against Plaintiff when it did not intent not to do, and upon information and belief, did not have authorization from the creditor to take legal action against Plaintiff.

e. Also, Defendant violated §§1692e and 1692e(10) by falsely claiming that Plaintiff would lose his job if he did not pay the alleged debt.

## COUNT III

a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including collecting an amount more

5

than twice the credit limit on the account.

WHEREFORE, Plaintiff, BRIAN MASTERS, respectfully prays for a judgment as follows:

      a.    All actual compensatory damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

      b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

      d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BRIAN MASTERS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04|30|12

KIMMEL & SILVERMAN, P.C.

By: _____
CRAIG THOR KIMMEL
Attorney ID # 57100
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

- 6 -

PLAINTIFF'S COMPLAINT